**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE US, INC. and T-MOBILE USA, INC., <br><br> Defendants, <br><br> NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA SOLUTIONS AND NETWORKS OY, TELEFONAKTIEBOLAGET LM ERICSSON, and ERICSSON INC., <br><br> Intervenors. | No. 2:16-cv-00052-JRG-RSP <br> No. 2:16-cv-00055-JRG-RSP <br> No. 2:16-cv-00056-JRG-RSP <br> No. 2:16-cv-00057-JRG-RSP <br><br><br> JURY TRIAL DEMANDED |

**ORDER REGARDING E-DISCOVERY**

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure. This Order applies to email production and prospectively as to all other documents.

2. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

3. **Production Format of ESI** - For documents originating in electronic format (except for document types for which the specifications below are inapplicable, infeasible, or unduly burdensome), the parties agree to exchange:

    A. Concordance DAT files containing unique field delimiters and, to the extent known, the following fields:

        i. Custodian. To the extent that a party chooses to de-duplicate documents prior to production, the custodian field shall include all custodians from whom the same document was collected.

        ii. Beginning Production Number;

        iii. Ending Production Number;

        iv. Beginning Group Range (if applicable);

        v. Ending Group Range (if applicable);

        vi. Group identifier;

        vii. OCR text (pointing to the .txt file link only);

        viii. MD5 Hash;

        ix. Date Created;

        x. Date Last Modified;

        xi. Folder Path;

        xii. Filename;

        xiii. Author;

        xiv. From;

        xv. Recipient(s);

        xvi. Carbon copy (CC) recipient(s);

    xvii. Blind carbon copy (BCC) recipient(s);

    xviii. Date Sent; and

    xix. Email Subject.

  To the extent that documents have been produced prior to the effective date of this order without the above fields, the party should produce a .dat file for all documents containing the required metadata fields.

    B. The corresponding images in single-page TIFF format for images produced in black and white, and JPEG format for images produced in grayscale or color; however, if such images cannot be produced legibly in TIFF or JPEG format, they will be produced in high resolution PDF format, unless the producing party elects to produce the document(s) solely in native format pursuant to paragraph 3F below;

    C. Parent documents with attachments, enclosures, and/or exhibits should be produced in the form in which they are kept.

    D. Electronic mail files with attachments should additionally be produced with attachments immediately following their respective parent email and the entire production range for the email and its respective attachments also provided (e.g., Beginning Group Range and Ending Group Range metadata fields populated) to the extent reasonably practical to do so.

    E. For good cause, a party that receives a document produced in a format specified in Paragraph 3.B may make a reasonable request to have the document reproduced in its native format. Upon the showing of good cause, the producing party shall reproduce the document in its native format.  All Excel files shall be produced in native form without a need for a specific request.

F.      Documents originating in electronic format (including but not limited to Excel files, .txt files, and media files) that are produced in native format shall be labeled with a unique production number and produced with a slipsheet indicating that the document was produced in native format and containing the appropriate confidentiality designation.

4.      **Production Format of Documents Stored in Paper Form** –

A.      For documents originating in paper form, the parties agree to scan such documents and exchange:

i.      Concordance DAT files containing unique field delimiters and the following fields:

ii.     Beginning Production Number; and

iii.    Ending Production Number;

iv.     Custodian

v.      The corresponding scanned images in single-page TIFF format for images produced in black and white, and JPEG format for images produced in grayscale or color; however, if such images cannot be produced legibly in TIFF or JPEG format, they will be produced in high resolution PDF format.; and

vi.     OCR text.

B.      <u>Unitization</u>.  In scanning documents originating in paper format, distinct documents will not be merged into a single record, and single documents will not be split into multiple records (i.e., paper documents will be logically unitized).  The parties will commit to re-unitize improperly unitized documents to reflect the manner in which the documents were maintained.

    C. <u>Parent-Child Relationships</u>.  Parent-child relationships (e.g., the association between a paper format letter and its enclosure) must be preserved in such a way that the paper document and any attachments to that paper documents are produced in the same production set and are identifiable.

    D. <u>Preservation of Filing and Other Information</u>.  Images of all file labels, file headings, and file folders associated with documents originating in paper format will be produced along with those documents.

  5. **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN and other forms of media, to comply with its discovery obligations in the present case.

  6. **Voicemail and Mobile Devices**. Absent a showing of good cause, voicemails, PDAs, mobile phones, text messages, instant messages and chats are deemed not reasonably accessible and need not be collected and preserved.

  7. **Production Media**.  Documents shall be produced on external hard drives, CDs, or DVDs; production by FTP rather than on hard media will be acceptable;. Each piece of production media should identify: (1) the producing party's name; (2) the production date; and (3) the Bates-number range of the materials contained on the production media. The parties may provide encrypted media for production.

  8. **Confidentiality Designation**. Responsive documents in TIFF or PDF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. All material not reduced to documentary, tangible, or physical form or which cannot be conveniently labeled, shall be designated by the producing party by informing

the receiving party of the designation in writing. For documents produced in native format, the slipsheet file indicating that the file was produced natively shall contain the confidentiality designation for the native file.

9. **Source Code**. To the extent relevant to the Litigation, source code will be made available for inspection pursuant to the terms of the Protective Order. Nothing in this Order governs source code production.

10. **Redaction of Information**. Redacted documents and redacted portions of documents shall be made with readily visible redactions (i.e., blackout) and are subject to the parties' agreement in the Discovery Order regarding whether certain documents need to be included in a privilege log. The producing party shall retain a copy of the unredacted data within its possession and control and preserve it without modification, alteration, or addition to the metadata therewith. Redacted documents must be produced with text but may include OCR text in lieu of extracted text.

11. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). The parties' discovery obligations in this case will not include the production of e-mail, except that:

    A. Huawei will produce emails of the nineteen custodians identified by T-Mobile in its March 2, 2017 letter requesting production of emails from Huawei. T-Mobile will identify search terms and time frames for each custodian within the limits provided in this Order.

    B. T-Mobile will produce emails of eight T-Mobile custodians chosen by Huawei from those custodians listed in Huawei's April 26, 2017 letter requesting production of

emails from T-Mobile and intervenors.  Huawei will identify search terms and time frames for each custodian within the limits provided in this Order.

    C. The search terms will be narrowly tailored to specific issues, and a party may serve requests with different search terms for different custodians. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive or otherwise limiting combination of multiple words or phrases (e.g., "computer" and "system"; "computer" /10 "system"; "computer" but not "system") narrows the search and will count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase will count as a separate search term unless the words or phrases are variants or synonyms of the same word or phrase. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and will be considered when determining whether to shift costs for disproportionate discovery.

    D. Each requesting party will limit its e-mail production requests to a total of ten (10) search terms per custodian.  For custodians whose e-mail contains foreign language documents, the producing party will conduct searches using both the specified English-language terms and the equivalent terms translated into the applicable foreign language.  In determining whether a term is equivalent the producing party should consider terms that their employees' use and not just a direct translation.  The English term and its foreign language pair are considered as one term for purposes of the 10 search term limit.  To the extent that any party is aware of code words used in place of the specified search term (e.g., a code word used by the party in place of an actual company name), the party will search using both the specified search term and the code words.  E-mails will be searched without regard to capitalization.

    E.  The parties will work together in good faith to ensure that no search results in an unreasonably large production of emails for any custodian. In addition, for any custodian who is an attorney and for Mr. Fan of Huawei, the parties will not be required to log any documents withheld on the basis of attorney-client privilege, the work product doctrine, or the common interest privilege, with the exception that the parties shall log any pre-suit documents withheld on the basis of privilege that mention one or more of the patents-in-suit.

    F.  The parties may jointly agree to modify the limits on search terms and custodians without the Court's leave.

    G.  Nothing in this Order prevents a party from voluntarily producing the e-mails of its own custodians. A party's voluntary production of e-mail from a custodian shall not operate as a waiver of any of the limitations on e-mail discovery set forth in this Order.

  12. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

  13. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

  14. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

  **SIGNED this 8th day of June, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE