# EXHIBIT B

# WILMERHALE

July 6, 2017

**By E-mail**

Jane Du, Esq.
Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201
du@fr.com

Mi Hyun (Angela) Yoon

+1 617 526 6369 (t)
+1 617 526 5000 (f)
angela.yoon@wilmerhale.com

Re: *Huawei Technologies Co. Ltd. v. T-Mobile* (Civil Action Nos. 2:16-cv-00052, -55, -56, -57) (E.D. Tex.) – Huawei's Deficient Amended First Supplemental Privilege Log

Dear Jane:

This letter addresses the deficiencies in Huawei's June 30, 2017 Amended First Supplemental Privilege Log (the "Amended Privilege Log"). At the June 16 hearing on T-Mobile's Motion to Compel Huawei to Produce Discovery Regarding Disclosure of the Asserted Patents to ETSI (Dkt. No. 215), the Court found Huawei's May 30 First Supplemental Privilege Log (the "First Privilege Log") inadequate and ordered Huawei to produce a revised privilege log within two weeks. Specifically, the Court found Huawei's First Privilege Log inadequate because Huawei failed to log its claimed privileged communications on an *itemized basis* because it did not provide information about the (1) *date*, (2) *participants*, and (3) *subject matter* of each of the communications. Huawei's Amended Privilege Log fails to comply with the Court's June 16 order on all those fronts.

*First*, similar to Huawei's First Privilege Log, the Amended Privilege Log fails to provide individualized dates or any dates for a substantial number of entries. The first eleven entries in the Amended Privilege Log fail to log the claimed privileged communications on an itemized basis, and instead group multiple communications together as one line item in the log with date ranges for what appear to be multiple communications. For example, the first entry provides a "document date" of 8/10/2007 to 3/11/2011 for an entry for the IT Database—just as the entry in Huawei's First Privilege Log did. By maintaining broad date ranges for these entries, Huawei has failed to provide the particularized date information that Judge Payne determined Huawei is required to provide.

In addition, all of the entries on 18 pages of the Amended Privilege Log (at pages 39 through 56) are missing any information about the date of the communication. Again, this is information that Judge Payne has already held T-Mobile is entitled to in Huawei's privilege log.

*Second*, the Amended Privilege Log fails to provide complete information about the participants—mainly the author—of the claimed communications. For instance, the August 15, 2006 entry for a "Patent application document" lists no author, "Huawei" is listed as the author

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   Washington

**WILMERHALE**

Jane Du, Esq.
July 6, 2017
Page 2

of a September 2006 "Standards related document," and none of the entries at pages 39 through 53 lists the author.

These deficiencies in the Amended Privilege Log fail to satisfy the requirements set forth by the Court at the June 16 hearing. The Court has permitted T-Mobile to review Huawei's revised privilege log and raise with the Court any remaining disagreement regarding the sufficiency of Huawei's grounds for withholding the documents responsive to T-Mobile's Motion to Compel (Dkt. No. 215). Unless Huawei cures these deficiencies described above in the Amended Privilege Log, T-Mobile will seek such redress.

*   *   *

Please confirm by July 7 that Huawei will supplement the Amended Privilege Log by July 12 to provide complete and accurate information on an itemized basis in full compliance with the Court's June 16 order.

Sincerely,

*/s/ Mi Hyun Yoon*

Mi Hyun (Angela) Yoon