**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, | § | |
| | § | Case No. 2:16-CV-00052-JRG-RSP |
| v. | § | Case No. 2:16-CV-00055-JRG-RSP |
| | § | Case No. 2:16-CV-00056-JRG-RSP |
| T-MOBILE US, INC., T-MOBILE U.S.A., INC., | § | Case No. 2:16-CV-00057-JRG-RSP |
| | § | |

**ORDER**

T-Mobile US, Inc., and T-Mobile U.S.A. Inc. (collectively, "T-Mobile") move to preclude Huawei Technologies Co. LTD ("Huawei") from contesting facts provided in its June 30, 2017 amended privilege log. T-Mobile's motion is denied.

A privilege log must ordinarily include the date, author, all recipients of each document listed, a brief description of the document's subject matter, and the type of privilege claimed. *See, e.g.*, *Peacock v. Merrill*, No. 08-01-B-M2, 2008 WL 687195, at *3 (M.D. La. Mar. 10, 2008). At the hearing on T-Mobile's motion to compel discovery regarding Huawei's ETSI disclosure obligations, Dkt. 215 in Case No. 2:16-cv-00052, Huawei explained that certain information sought by T-Mobile was privileged. Huawei's privilege log, however, was not complete because it did not include the dates or author of the communications. Consequently, the Court ordered Huawei to provide a complete privilege log. *See* June 16, 2017 Hr'g Tr. at 28:2-5.

Huawei's amended privilege log appears to include the type of information that is normally required, and T-Mobile does not argue otherwise. Rather, T-Mobile appears to suggest the Court ordered Huawei to provide the earliest date on which any Huawei employee discussed the essentiality of the patents-in-suit with an attorney, but that is not what the Court intended. The purpose of the Court's order was simply to allow T-Mobile to determine whether a document had been properly withheld.

The question remaining is what use, if any, can T-Mobile make of Huawei's privilege log. T-Mobile asks the Court to preclude Huawei from contesting facts provided in its privilege log. But as far as the Court can tell from the portion of the amended privilege log submitted recently with the documents for *in camera* review, the amended document description never expressly says that communications regarding essentiality occurred. The description of the subject matter varies, but a representative example is "legal assessment of Huawei patents extracted from Huawei Patent Review Board database." *See, e.g.*, entry for HW_TMO_08234592. The original privilege log, however, appears to include more detail regarding the communication, for example, "Confidential communications . . . and analysis re essentiality of the invention incorporated into [a patent-in-suit]." *See, e.g.* Dkt. 282-21 at 2. While Huawei's original privilege log may have included an unnecessarily broad description of the withheld document, Huawei did not provide the date on which the communication occurred, but instead provided only a large date range, e.g., "8/10/2007-3/11/2011." *See id.*

Consequently, it is not entirely clear what T-Mobile would like to preclude Huawei from contesting or what basis there would be to do so. If, for example, T-Mobile would like to establish that on a particular date, a Huawei employee communicated with an attorney about a "legal assessment" of a patent-in-suit, as the amended privilege log suggests, then the privilege log might be admissible for purposes of impeachment if a witness denied that fact. *See Mutual Ins. Co. v. Murphy*, 630 F.Supp.2d 158, 168 n. 3 (D. Mass. 2009) (privilege log can be admissible as an admission of a party opponent); *Kellogg v. Nike, Inc.*, No. 8:07CV70, 2008 WL 4216130 at *3 (D. Neb., Sept. 12, 2008) (allowing plaintiff to use defendant's privilege log for purposes of impeachment at trial). But the Court finds no authority suggesting that Huawei should be precluded

from contesting certain facts. While a party's admission in a privilege log may bear on a question at trial, the ultimate factual dispute is for the jury.

Having said that, the Court is concerned that a party might refer to a privilege log primarily to put before the jury the fact that some documents have been withheld from discovery. Accordingly, the Court finds it appropriate to enter an *in limine* order precluding any reference to a privilege log before the jury without first approaching the bench or requesting leave the evening before trial begins the following day with an explanation for how the privilege log will be used and for what purpose. A privilege log carries with it the potential for the jury to conclude that a document has been withheld because it includes damaging information, and that is the inference the Court must prevent. *See* Fed. R. Evid. 403.

Finally, additional disputes regarding Huawei's privilege log appear to have emerged in various forms. Huawei's recent *in camera* submission, for example, included a cover letter asking the Court to prohibit any further use of a document filed under seal and requested that the Court maintain Huawei's privilege over certain documents. This letter prompted a response from T-Mobile in which T-Mobile characterized Huawei's letter as a motion to maintain privilege, which in turn prompted Huawei to file a motion to strike T-Mobile's response. Regardless of the nature or extent of any additional dispute, a motion should be properly presented to the Court as a motion. Although the party invoking privilege bears the ultimate burden, the proper avenue to test whether privilege has been properly asserted is with a motion to compel withheld documents. The Court therefore declines to address any requests for additional relief in Huawei's cover letter or T-Mobile's response to that letter, but striking T-Mobile's response from the record is unnecessary.

Accordingly,

It is **ORDERED**:

(1) T-Mobile's motion to preclude Huawei from contesting facts is **DENIED**. [1]

(2) Huawei's motion to strike T-Mobile's response, **Dkt. 410 in Case No. 2:16-cv-00052**, is **DENIED**.

(3) A party must approach the bench before presenting evidence or argument regarding any privilege log in the jury's presence.

**SIGNED this 20th day of September, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1]  Dkt. 374 in Case No. 2:16-cv-00052;
Dkt. 330 in Case No. 2:16-cv-00055;
Dkt. 315 in Case No. 2:16-cv-00056;
Dkt. 313 in Case No. 2:16-cv-00057.

4